UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MICHAEL DEAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:11-cv-1657-TWP-DKL |
| ) | |
| MIKE BOWLBY, Shelby County Sheriff, ) | |
| ANN WISCHMEYER, Jail Commander, ) | |
| and NURSE MILLIE HAVENS, Jail ) | |
| Nurse, ) | |
| ) | |
| Defendants. ) | |

**ENTRY GRANTING MOTION FOR SUMMARY JUDGMENT**

This matter is before the Court on Defendants Mike Bowlby, Ann Wischmeyer and Nurse Millie Havens's ("Nurse Havens") (collectively, "Defendants") Motion for Summary Judgment (Dkt. 35). Plaintiff Michael Dean ("Mr. Dean") brought this action pursuant to 42 U.S.C. § 1983, wherein he alleges Defendants violated his constitutional rights by providing him meals that aggravated his diabetes. Arguing that they were not deliberately indifferent to Mr. Dean's medical condition, Defendants move for summary judgment. For the reasons stated below, the Motion is **GRANTED**.

**I.  STANDARD OF REVIEW**

A motion for summary judgment asks the court to find that a trial based on the uncontroverted and admissible evidence is unnecessary because, as a matter of law, it would conclude in the moving party's favor. *See* Fed. R. Civ. Pro. 56. To survive a motion for summary judgment, the non-moving party must set forth specific, admissible evidence showing that there is a material issue for trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

Whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. Pro. 56(c)(1)(A). A party can also support a fact by showing that the materials cited do not establish the absence or presence of a genuine dispute or that the adverse party cannot produce admissible evidence to support the fact. Fed. R. Civ. Pro. 56(c)(1)(B). Affidavits or declarations must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on matters stated. Fed. R. Civ. Pro. 56(c)(4). Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially the granting of summary judgment. Fed. R. Civ. Pro. 56(e).

The Court need only consider the cited materials, Fed. R. Civ. Pro. 56(c)(3), and the Seventh Circuit Court of Appeals has "repeatedly assured the district courts that they are not required to scour every inch of the record for evidence that is potentially relevant to the summary judgment motion before them," *Johnson v. Cambridge Indus.,* 325 F.3d 892, 898 (7th Cir. 2003). Furthermore, reliance on the pleadings or conclusory statements backed by inadmissible evidence is insufficient to create an issue of material fact on summary judgment. *Id.* at 901.

The key inquiry, then, is whether admissible evidence exists to support a plaintiff's claims, not the weight or credibility of that evidence, both of which are assessments reserved for the trier of fact. *See Schacht v. Wis. Dep't of Corrections,* 175 F.3d 497, 504 (7th Cir.1999). When evaluating this inquiry, the Court must give the non-moving party the benefit of all reasonable inferences from the evidence submitted and resolve "any doubt as to the existence of a genuine issue for trial ... against the moving party." *Celotex,* 477 U.S. at 330.

## II. FACTS

Consistent with the foregoing, the following statement of facts was evaluated pursuant to the standards set forth above. That is, this statement of facts is not necessarily objectively true, but as the summary judgment standard requires, the undisputed facts and the disputed evidence are presented in the light reasonably most favorable to Mr. Dean as the non-moving party with respect to the motion for summary judgment. *See Reeves v. Sanderson Plumbing Products, Inc.,* 530 U.S. 133, 150 (2000).

Mr. Dean was a pre-trial detainee in the Shelby County Jail ("the Jail") from December 23, 2010 to January 20, 2012.

In July of 2010, the Jail began working with Lisa Schnepp ("Ms. Schnepp"), the Clinical Nutrition Services Manager and Diabetes Educator from Major Hospital, for the purpose of insuring that the menu provided to inmates in the Jail was proper for diabetic inmates. Elizabeth Floyd, the head cook in the Jail, met with Ms. Schnepp. Ms. Schnepp reviewed the menu in July 2010 and found it to be proper for a diabetic inmate. The Jail went through the same review process with Ms. Schnepp in June 2011, and Ms. Schnepp again approved the Jail menu and found it to be proper for a diabetic inmate. Mr. Dean received a diabetic tray for all meals in the Jail from December 29, 2010 (five days after he became an inmate) through January 20, 2012 (the date he left the Jail).

When Mr. Dean came to the Jail, staff was informed that he was diabetic. Accordingly, officers of the Jail checked his blood sugar in the morning and evening every day during his period of incarceration, however, occasionally Mr. Dean would refuse a blood check. During his time in the Jail, Mr. Dean was on several different medications for his diabetes, including glyburide, metformin and insulin. Mr. Dean's blood sugar began to register high sometime in

2011. Several meetings and communications took place between Jail nurse Millie Havens and Mr. Dean in which his increased blood sugar findings were discussed. These meetings and communications took place on August 4, 2011, October, 4, 2011, October 15, 2011, November 9, 2011, and January 4, 2012. It was Jail staff's conclusion and belief that Mr. Dean was obtaining sugary snacks from another inmate.

The increased blood sugar findings prompted consultation with Dr. John Collier, the Jail physician, who made changes in Mr. Dean's medication regimen. Dr. Collier saw and examined Mr. Dean on August 31, 2011 and consulted on his case on August 4, 2011, August 23, 2011, October 5, 2011, October 24, 2011, November 9, 2011, and January 4, 2012.

### III. DISCUSSION

Mr. Dean's claims are asserted pursuant to 42 U.S.C. § 1983. This statute "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert,* 526 U.S. 286, 290 (1999). "[T]he first step in any [§ 1983] claim is to identify the specific constitutional right infringed." *Albright v. Oliver*, 510 U.S. 266, 271 (1994); *see Conyers v. Abitz,* 416 F.3d 580, 586 (7th Cir. 2005) ("[C]onstitutional claims must be addressed under the most applicable provision.").

At the time of his confinement in the Jail, Mr. Dean was a pre-trial detainee. Accordingly, the Fourteenth Amendment's guarantee of due process is the applicable constitutional standard. *Minix v. Canarecci*, 597 F.3d 824, 831 (7th Cir. 2010). Section 1983 claims brought under the Fourteenth Amendment are to be analyzed under the Eighth Amendment test. *See Higgins v. Correctional Med. Servs. of Illinois, Inc.*, 178 F.3d 508, 511 (7th Cir. 1999); *Mathis v. Fairman*, 120 F.3d 88, 91 (7th Cir. 1997) (indicating that the Eighth

4

Amendment standard for persons who have been convicted is also the applicable standard for pretrial detainees under the Fourteenth Amendment).

The Eighth Amendment's prohibition against cruel and unusual punishment imposes upon jail officials the duty to "provide humane conditions of confinement" for prisoners. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). This duty includes the obligation to "ensure that inmates receive adequate food, clothing, shelter, protection, and medical care." *Oliver v. Deen*, 77 F.3d 156, 159 (7th Cir. 1996); *see also Farmer*, 511 U.S. at 832.

> A claim based on deficient medical care must demonstrate two elements: 1) an objectively serious medical condition, and 2) an official's deliberate indifference to that condition. An objectively serious medical need includes both diagnosed conditions requiring treatment and conditions so obvious that even a lay person would easily recognize the necessity for a doctor's attention.

*Williams v. Liefer,* 491 F.3d 710, 714 (7th Cir. 2007) (internal quotation and citations omitted). Negligence, even gross negligence, is insufficient to establish deliberate indifference. *See Farmer*, 511 U.S. at 838 (1994). When determining whether defendants have been deliberately indifferent to an inmate's serious medical needs, the court examines the totality of an inmate's medical care. *Reed v. McBride*, 178 F.3d 849, 855 (7th Cir. 1999).

Here, it is undisputed that the Jail worked with Schnepp, Clinical Nutrition Services Manager and Diabetes Educator, in reviewing its menu. Ms. Schnepp reviewed the menu in 2010 and found it to be appropriate for a diabetic inmate. Ms. Schnepp reviewed the menu again in June of 2011 and reached the same conclusion. Mr. Dean received a diabetic tray for all meals in the Jail from December 29, 2010 (five days after he became an inmate) through January 20, 2012 (the date he left the Jail). Mr. Dean argues that the contents of his trays were not appropriate for his condition, but he does not provide any evidence to support such a conclusion. Based on the evidence presented, in particular the fact that the Jail relied on the services of a

diabetes educator in reviewing its menu, the Court cannot find that any of the Defendants were deliberately indifferent to Mr. Dean's serious medical needs in preparing his meal trays. *See Hayes v. Snyder,* 546 F.3d 516, 527 (7th Cir. 2008) ("The policy supporting the presumption that non-medical officials are entitled to defer to the professional judgment of the facility's medical officials on questions of prisoners' medical care is a sound one."); *Spruill v. Gillis,* 372 F.3d 218, 236 (3d Cir. 2004) ("If a prisoner is under the care of medical experts . . . a non-medical prison official will generally be justified in believing that the prisoner is in capable hands.").

Mr. Dean also argues that Nurse Havens failed to recognize in him the symptoms of anemia and impending heart failure. But it is undisputed that Jail staff checked Mr. Dean's blood sugar daily and met with him regularly to discuss his diet and blood sugar. He was referred to the Jail physician and his medication was changed and adjusted in response to his blood sugar readings. In other words, Nurse Havens did not ignore Mr. Dean's medical condition, but monitored it, discussed it with him, and referred him to the Jail physician for his opinion and treatment. Under these circumstances, it cannot be said that Nurse Havens was deliberately indifferent to Mr. Dean's serious medical needs.

Mr. Dean argues that when he was transferred from the Jail to the custody of the Department of Correction, he was sent to the hospital and was treated for anemia and low blood sugar. He also states that since he has been in the custody of the Department of Correction, he has been able to manage his condition without insulin. These assertions are not supported by admissible evidence and for that reason could be ignored. However, when considering these allegations by Mr. Dean, there is still not sufficient evidence that Nurse Havens was deliberately indifferent to Mr. Dean's condition. Negligence, even gross negligence, is insufficient to establish deliberate indifference. *See Farmer*, 511 U.S. at 838 (1994). Even if Nurse Havens

were negligent in her care of Mr. Dean, it remains undisputed that he was evaluated and treated regularly and that she referred him to the Jail physician as necessary. These circumstances do not rise to the level of deliberate indifference.

Finally, Mr. Dean asserts that Jail officials failed to give him proper care as they had a policy of trying to keep medical costs to a minimum. But, Mr. Dean provides no evidence to support this conclusion and no evidence of a connection between this purported policy and his alleged injuries.

The Court "examine[s] the totality of an inmate's medical care when determining whether prison officials have been deliberately indifferent to an inmate's serious medical needs." *Walker v. Peters*, 233 F.3d 494, 501 (7th Cir. 2000). The totality of care provided by the Defendants negates any inference of deliberate indifference. Mr. Dean has not identified a genuine issue of material fact as to his claim that the Defendants were deliberately indifferent to his serious medical needs.

## IV. CONCLUSION

For the reasons set forth above, the Defendants' Motion for Summary Judgment (Dkt. 35) must be **GRANTED**. Judgment consistent with this Entry shall now issue.

**SO ORDERED.**

Date: 06/18/2013

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

7

DISTRIBUTION:

Michael Dean #890156
Putnamville – CF
Putnamville Correctional Facility
Inmate Mail/Parcels
1946 West U.S. Hwy 40
Greencastle, Indiana  46135

Neha M. Matta
TRAVELERS STAFF COUNSEL OFFICE
nmatta@travelers.com

Paul Thomas Belch
TRAVELERS STAFF COUNSEL OFFICE
pbelch@travelers.com